Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WESLEY GACHETT, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>JHPDE FINANCE I, LLC;<br>FEDERATED LAW GROUP, PLLC;<br>DOUGLAS C. JACOBSEN;<br>BRYAN MANNO;<br>RICHARD RUSSELL; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Wesley Gachett, by way of Class Action Complaint against Defendants JHPDE Finance I, LLC; Federated Law Group, PLLC; Douglas C. Jacobsen; Bryan Manno; and Richard Russell (and John Does 1 to 10) states:

## I.   NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia*, by attempting to collect consumer debts without a license to do so under the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. §

17:11C-3, thereby misrepresenting the amount of the debt and attempting to collect amounts not permitted by law.

## II.    JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

5. Plaintiff Wesley Gachett ("Plaintiff" or "Gachett") is a natural person residing in Essex County, New Jersey.

6. Defendant JHPDE Finance I, LLC, ("JHPDE") is a debt buyer with its principal place of business at 5757 Phantom Drive, Suite 250, Hazelwood, Missouri, 63042.

7. Defendant Federated Law Group, PLLC, ("FLG") is a collection agency with its principal place of business at 887 Donald Ross Road, Juno Beach, Florida, 33408.

8. Defendant Douglas C. Jacobsen, ("Jacobsen") is the Chief Executive Officer of JHPDE.

9. Defendant Bryan Manno, ("Manno") is the managing member of FLG.

10. Defendant Richard Russell, ("Russell") is the managing member of FLG.

11. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants

personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoings alleged in this Complaint.

12. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.   FACTS

**A. Background**

13. Defendants are not in the business of extending credit, selling goods or services to consumers.

14. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

15. The principal purpose of Defendants is the collection of debts.

16. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

17. At all times relevant hereto, Jacobsen, as a principal owner, officer, director, shareholder, and/or managing partner of JHPDE, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of JHPDE complained of herein.

18. At all times relevant hereto, Manno, as a principal owner, officer, director, shareholder, and/or managing partner of FLG, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of FLG complained of herein.

19. At all times relevant hereto, Russell, as a principal owner, officer, director, shareholder, and/or managing partner of FLG, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of FLG complained of herein.

20. JHPDE is a debt buyer which purchases past-due and defaulted consumer accounts for pennies on the dollar, and then attempts to collect those accounts itself or through other collection agencies or debt collectors.

21. In connection with JHPDE's efforts to collect consumer debts, JHPDE routinely hires other debt collectors, such as FLG, in an effort to collect the consumer debts.

22. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

23. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

24. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

25. Defendants contend that the Account was past-due and in default.

26. Defendants are debt collectors.

27. The Account was allegedly assigned to Defendants for collecting the Debt.

28. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

**B. Unlawful Collection**

29. After allegedly purchasing the past-due and defaulted Account for pennies on the dollar, JHPDE, either directly or through intermediate transactions, assigned, placed, or transferred the Account with FLG for collection.

30. The Account was assigned to FLG to collect the Debt.

31. The Account was past-due and in default when it was placed with or assigned to FLG for collection.

32. At all times relevant hereto, FLG acted on behalf of JHPDE in an attempt to collect the Debt.

33. At all times relevant hereto, the acts and omissions of FLG were incidental to or taken within the scope of the responsibilities given and authorized by JHPDE.

34. In an attempt to collect the consumer debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on July 6, 2018 (the "FLG Letter"). A true but redacted copy of the FLG Letter is attached as **Exhibit A**.

35. Plaintiff received and reviewed the FLG Letter.

36. JHPDE is not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.[1]

37. During all times relevant to this action, JHPDE was not licensed as a "sales finance company" or a "consumer lender" pursuant to the NJCFLA.

38. "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for

---

[1] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.

compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[2]

39. By purchasing and taking assignment of the accounts, JHPDE acted as a "sales finance company" as defined at N.J. Stat. Ann. § 17:16C-1(f).

40. "<u>No person</u> shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[3]

41. JHPDE is not permitted to engage in the "consumer loan business" or as a "sales finance company" since they did not first obtain a license pursuant to the NJCFLA.[4]

42. Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of Defendants, who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."[5]

C. **Failure to Name the Creditor**

43. Furthermore, Defendants failed to correctly identify the current creditor to whom the Debt is owed since the creditor is not JHPDE Finance 1, LLC.

D. **False Threat of Interest**

44. Furthermore, the FLG Letter states "Current Balance Claimed Due: **$3,535.32**[.]"

---

[2] N.J. Stat. Ann. § 17:11C-2.
[3] N.J. Stat. Ann. § 17:11C-3 (emphasis added).
[4] *See* N.J. Stat. Ann. § 17:11C-2 to -3.
[5] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt.").

45. It is Plaintiff's understanding and belief that, under the terms and conditions applicable to their use of the Account, interest, late charges, and other charges and fees (such as annual fees) could accrue.

46. The least sophisticated consumer would reasonably presume and understand that a credit card account such as a Citibank credit card account would, if not paid in full every month, accrues interest and may accrue late charges and other charges and fees. Thus, the least sophisticated consumer would believe the truth of (a) the statement in Defendants' collection letters that the stated balance was merely the "Current Balance" or "Current Balance Claimed Due" as of the date of the respective collection letter, and (b) the implication that the amount due could or would increase if not promptly paid.

47. In fact, however, the balance of the Account could not increase and, even if it could increase, Defendants never intended to add, would not add, and did not add any lawful interest, late charges, or other fees and charges to increase the balance stated in Defendants' collection letters.[6]

48. Although Defendants' collection letters qualification of the amount due as "Current Balance" or "Current Balance Claimed Due" was literally true, such qualification was not a fact necessary to accurately disclose the amount of the Debt. The collection letters would have accurately stated the amount of the debt by stating "The amount due is $ [the exact amount due]." or "The amount of the debt is $ [the exact amount due]." By qualifying the amount due

---

[6] Through counsel, Plaintiff acknowledges decisions from the Seventh Circuit and, later, the Second Circuit addressing the optional use of a four-sentenced safe-harbor formula which, when that language is accurate, allows a debt collector to lawfully state the amount of the debt when that amount is changing over time. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000); *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016). Thus, the use of the formula will not provide a safe-harbor when it would be inaccurate to do so. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018).

was the "Current Balance" or "Current Balance Claimed Due," however, Defendants failed to accurately state the amount of the Debt, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase over time—indeed, that the amount owed had already changed by the time the collection letter was received days later.

49. Defendants' collection letters effect of leading a consumer to conclude that the amount due is not static but, instead, could increase, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

50. On information and belief, the collection letter attached as Exhibit A are mass-produced, computer-generated form letters—that is, it was created by merging electronically-stored information about the debts with an electronically-stored template—that is mailed to consumers in the State of New Jersey, such as Plaintiff, from whom Defendants were attempting to collect a debt.

51. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e (including §§ 1692e(2), 1692e(5), and 1692e(10)), 1692f (including § 1692f(1)), and 1692g (including §§ 1692g(a)(1) and 1692g(a)(2)).

V. CLASS ACTION ALLEGATIONS

52. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time

Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> **Class A**: All natural persons with addresses in the State of New Jersey to whom, beginning June 15, 2018, through and including the final resolution of this case, JHPDE Finance I, LLC, attempted to collect a debt.
>
>> **Subclass**: All members of Class A to whom, beginning June 15, 2018, through and including the final resolution of this case, Federated Law Group, PLLC, sent a letter on behalf of JHPDE Finance I, LLC, in an attempt to collect a debt.
>
> **Class B**: All natural persons with addresses in the State of New Jersey to whom, beginning June 15, 2018, through and including the final resolution of this case, Federated Law Group, PLLC, sent a written communication which states "Current Balance Claimed Due[.]"

53. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Classes, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the FLG Letter.

54. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

55. The Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

56. There are questions of law and fact common to the members of the Classes that predominate over questions affecting only individuals, including but not limited to:

    A.    Whether Defendants are debt collectors under the FDCPA;

        B.      Whether Defendants violated the FDCPA; and

        C.      Whether Plaintiff, and the Classes are entitled to damages.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Classes and will foster economies of time, effort and expense.

58. The claims of the Plaintiff are typical of the claims of the members of the Classes.

59. The questions of law and/or fact common to the members of the Classes predominate over any questions affecting only individual members.

60. Plaintiff does not have interests antagonistic to those of the Classes.

61. The Classes, of which Plaintiff is a member, is readily identifiable.

62. Plaintiff will fairly and adequately protect the interests of the Classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

63. The prosecution of separate actions by individual members of the Classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to

protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

64. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI. VIOLATIONS OF THE FDCPA

65. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

66. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

67. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

68. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

69. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

70. The FLG Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

71. At all times relevant hereto, FLG acted on behalf of JHPDE in an attempt to collect the debt.

72. At all times relevant hereto, JHPDE actively participated in the collection of consumer debts allegedly owed by Plaintiff and other New Jersey consumers.

73. Therefore, not only is JHPDE liable for the acts and omissions of its agent FLG, but for its own acts in hiring, directing, and negligently supervising FLG to collect debts for JHPDE.

74. By attempting to collect consumer debts without a license to do so under the NJCFLA, by attempting to collect consumer debts on behalf of debt buyers not properly licensed under the NJCFLA, by failing to state the name of the creditor to whom the debt is allegedly owed, and by mispresenting the balance as the "Current Balance Claimed Due"

Defendants violated the FDCPA (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2), 1692e(5), and 1692e(10)), 1692f (including subsection 1692f(1)), and 1692g (including subsections 1692g(a)(1) and 1692g(a)(2))).

75.     The violations of the FDCPA described herein constitute *per se* violations.

76.     Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wesley Gachett demands judgment against Defendants JHPDE Finance I, LLC; Federated Law Group, PLLC; Douglas C. Jacobsen; Bryan Manno; and Richard Russell as follows:

A.  For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.  For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.  For statutory damages in favor of the Classes pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.  For actual damages in favor of Plaintiff and the Classes pursuant to 15 U.S.C. § 1692k(a)(1), including the tax consequences of this action;

E.  For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.  For pre-judgment and post-judgment interest; and

G.  For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: June 15, 2019

K<span/>IM L<span/>AW F<span/>IRM LLC

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the Proposed Class*